FILED

2014 Jul-24  AM 09:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| REBECCA LANDRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 5:13-cv-00904-JEO |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Rebecca Landrum brings this action, through counsel, pursuant to 42 U.S.C. § 405(g),[1] seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  (Doc.[2] 1).  The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference dated January 14, 2013.  The cause now comes to be heard on Plaintiff's application for judicial review.  *See* 28 U.S.C. § 636(b), FED. R. CIV. P. 72(b)(1).  Upon review of the record and the relevant law, the court finds that the Commissioner's decision is due to be affirmed.

---

[1] The judicial review provision for a DIB claims, 42 U.S.C. § 405(g), also applies to claims for SSI.  *See* 42 U.S.C. § 1383(c)(3).

[2] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

# I. PROCEDURAL HISTORY

Plaintiff initially filed an application for a period of disability, DIB, and SSI on August 28, 2008, alleging disability beginning July 15, 2008. (R.[3] 200). Her claims were denied initially. (*Id*.) Thereafter, she requested a hearing before an Administrative Law Judge (ALJ), which was held on March 11, 2010. (R. 62). At the hearing, Plaintiff was represented by an attorney. Following the hearing, the ALJ denied Plaintiff benefits (R.101), finding that Plaintiff's medical evidence demonstrated that she had severe impairments of osteoarthritis, degenerative disc disease, depression, anxiety, panic disorder, fibromyalgia, and chronic obstructive pulmonary disease (R. 55), which precluded her past work (R. 99), but allowed for sedentary work with limitations (R. 97).

That decision was reviewed by the Appeals Council (AC), vacated, and remanded for further proceedings. (R. 116-19). The AC found that Plaintiff's pain and mental residual functional capacity (RFC) had not been adequately addressed by the ALJ and that the jobs of gate guard and escort driver would be precluded by the ALJ's RFC determination. The AC remanded the case, instructing the ALJ to (1) consider all of Plaintiff's determinable impairments and what limitations they may place on Plaintiff's abilities to perform work-related functions; (2) "evaluate her subjective complaints and provide rationale ... pertaining to [the] evaluation of [her] symptoms;" (3) evaluate her mental impairments to determine what limitations they impose on her ability to work; and,

---

[3]Citations to "R. ___" are to the page of the administrative record, which is encompassed within Docs. 6-1 to 6-9.

if warranted, (4) obtain evidence from a vocational expert clarifying the effect of the assessed limitations established by the record.  (R. 22, 118).

A second hearing was conducted by the same ALJ.  However, the ruling that again found Plaintiff not disabled was issued by another ALJ.  (R. 22-33).  The ALJ determined that Plaintiff had severe impairments of osteoarthritis, degenerative disc disease, major depressive disorder, panic disorder, fibromyalgia, and headaches.  (R. 25).  Her RFC indicates, in part, that she is limited to sedentary work with a sit/stand option for one to two minutes each hour with occasional postural functions, casual contact with environmental and work assignment limitations.  (R. 27).  She also would benefit from casual supervision and she would work best at her own workstation.  (R.27-28).  The AC denied Plaintiff's request for review (R. 1-5), rendering the decision the final decision of the Commissioner.  (R. 1).  Plaintiff thereafter timely filed  this action for judicial review under 42 U.S.C. § 405(g).  (Doc. 1).

According to Plaintiff, she prevailed in a subsequent application for benefits. (Doc. 10 at 4).

## II.  <u>STANDARD OF REVIEW</u>

In reviewing claims brought under the Social Security Act, this court's role is a narrow one:  "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied."  *Wilson v. Barnhart*, 284 F.3d 1219,

1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal quotations and other citation omitted)).  "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)).  "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).  Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius,* 936 F.2d at 1145.  "No ... presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

**A.     The Five-Step Evaluation Process**

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability, DIB, and/or SSI.  *See* 20 C.F.R. §§  404.1520(a)(1)-(2), 416.920(a)(1)-(2); *Bowen v. City of New York,* 476 U.S. 467, 470 (1986).  "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB and SSI benefits] if [she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(C)(1); *see also* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A).  The specific steps in the evaluation process are as follows.

**1.     Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity."  *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987).  The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[4]  20 C.F.R. §§ 404.1572, 416.972.  If the claimant is working and that work

---

[4]The regulations state:

(a) *Substantial work activity*.  Substantial work activity is work activity that involves doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*.  Gainful work activity is work activity that you do for pay or profit.  Work

is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are,

---

activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c)  *Some other activities*.  Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.

therefore, not disabled.  We will not consider your age, education, and work experience."
20 C.F.R. §§ 404.1520(c), 416.920(c).  "An impairment can be considered as not severe
only if it is a slight abnormality which has such a minimal effect on the individual that it
would not be expected to interfere with the individual's ability to work, irrespective of
age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.
1984); *see also* 20 C.F.R. §§ 404.1521(a), 416.921(a).  A complainant may be found
disabled based on a combination of impairments even though none of the individual
impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985);
*see also* 20 C.F.R. §§ 404.1523, 416.923.  A claimant has the burden of showing that she
has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 F. App'x
at 863.

### 3.    The Listings

If the claimant has a severe impairment, the Commissioner must then determine
whether the claimant's impairment meets the durational requirement and whether it is
equivalent to any one of the listed impairments, which are impairments that are so severe
as to prevent an individual with the described impairment from performing substantial
gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); 20 C.F.R. § 416.920(a)(4)(iii),
(d)-(e); *see* 20 C.F.R. Part 404, Subpart P, Appx. 1 (the "Listings").  If the claimant's
impairment meets or equals a Listing, the Commissioner must find the claimant disabled,
regardless of the claimant's age, education, and work experience.  20 C.F.R. §§

404.1520(d), 416.920(d).  The claimant has the burden of proving that her impairment

meets or equals the criteria contained in one of the Listings.  *Reynolds- Buckley*, 457 F.

App'x at 863.

### 4.      Residual Functional Capacity and Past Relevant Work

A claimant's RFC is the most a claimant can do in a work setting despite his or her

physical and mental limitations.  *See* 20 C.F.R. §§ 404.1545(a), 416.945(a).  An ALJ is

required to evaluate a claimant's RFC before proceeding to Step Four and Step Five of

the sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).  In making

this finding, the ALJ must consider all relevant evidence, including medical source

statements and the claimant's description of his or her symptoms.  *See* 20 C.F.R. §§

404.1545(a)(3), 416.945(a)(3), SSR 96–8p, 1996 WL 374184 at *5.  However, the ALJ is

not required to discuss every piece of evidence in the case record.  *See e.g. Dyer v.*

*Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  The ALJ must only discuss enough

evidence to demonstrate that he considered the claimant's condition as a whole.  *Id.*

If the impairment does not meet or equal the criteria of a Listing, the claimant must

prove that her impairment prevents her from performing her past relevant work.  *See* 20

C.F.R. §§ 404.1520(a)(4)(iv), (f); 416.920(a)(4)(iv), (f).  At step four, the Commissioner

"will first compare [her] assessment of [the claimant's] ... ["RFC"] with the physical and

mental demands of [the claimant's] past relevant work.  20 C.F.R. §§ 404.1560(b),

416.960(b).  "Past relevant work is work that [the claimant has] done within the past 15

years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it.  20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).  If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled.  20 C.F.R. §§ 404.1560(e), 416.920(e).  The claimant bears the burden of establishing that the impairment prevents her from performing past work.  *Reynolds-Buckley*, 457 F. App'x at 863.

**5.      Other Work in the National Economy**

If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant – in light of her RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the national economy.  *Reynolds-Buckley*, 457 F. App'x at 863; *see also* 20 C.F.R. §§ 404.1520(c)(1), 416.920(c)(1).  The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work.  We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience.  Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. §§ 404.1560(c)(1), 416.960(c)(1).  If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled.  20 C.F.R. § 404.1520(f), § 416.920(f).

**B.      Plaintiff's Claims**

Plaintiff challenges the ALJ's assessment of her impairments and tRFC

determination that was made after the AC's remand.  Specifically, she argues that the

RFC was not based on substantial evidence in that (1) the ALJ improperly omitted some

of her mental impairments - anxiety and panic disorder - from consideration in the RFC

findings, (2) the ALJ improperly found that COPD was previously deemed a severe

impairment in "error," (3) the ALJ "inexplicably included environmental restrictions,"

(4) the ALJ improperly rejected opinions from examining practitioners in reaching a RFC

decision, and (5) the ALJ did not follow the directives of the AC.  (Doc. 10 at 7-9).  The

Commissioner retorts that the ALJ's RFC complies with the proper legal standards and is

supported by substantial evidence.  (Doc. 13 at 4).  Each of Plaintiff's contentions will be

addressed below.

The ALJ considered a significant amount of evidence in determining Plaintiff's

RFC: (1) Plaintiff's medical records from her treating physician, Dr. Henry Beeler, (2)

her medical records from the Alabama Pain Center and Dr. K. Dean Willis, another

treating physician, (3) the information from various consulting examiners such as Dr.

Will Crouch, Dr. Jack Bentley, Dr. Rachel Kennedy, Dr. John Haney, (4) the report from

state psychologist Dr. Guendalina Ravello, (5) reports from Ms. Jane Wesley, a social

worker, (6) information concerning Plaintiff's use of medication to address her pain and

other symptoms, and (7) Plaintiff's hearing testimony and personal history, including

complaints of symptoms, her daily activities, her ability to care for her children, and her prior tobacco use.  (R. 25-31).

### 1.      Anxiety and Panic Disorder

Plaintiff initially argues that the ALJ did not include anxiety and panic disorder as severe impairments.  In part, this premise is factually incorrect.  The ALJ did include panic disorder as a "severe" impairment in the decision.  (R. 25).  The ALJ did not include anxiety as a separate impairment.  However, plaintiff does not cite to any medical evidence establishing that anxiety warranted additional limitations above and beyond what the ALJ determined.[5]  Additionally, the ALJ found that Plaintiff did have severe impairments of major depressive disorder and panic disorder, resulting in a continuation of the sequential evaluation process.  Thus, even if the lack of a finding regarding anxiety was error, it is harmless.  *See Heatley v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (applying harmless error when the ALJ concluded that Plaintiff had a severe impairment, which is all that step two requires).

### 2.      COPD

Plaintiff next argues that the ALJ erred in the subsequent review when it was stated that COPD was previously deemed a severe impairment in "error."   In the decision, the ALJ notes that "although chronic obstructive pulmonary disease [(COPD)] was listed as a 'severe' impairment in the first hearing decision, this appears to have been

---

[5]The court also notes that while anxiety was listed as a severe impairment in the original decision, there was no supporting discussion in the opinion concerning that determination.  (R. 95).

an error because nothing in the medical evidence of record supports a finding that the claimant has this disorder nor does she allege it."[6]  (R. 25).

The only reference in the record regarding Plaintiff's pulmonary condition is in the decision where the ALJ states, "Respiratory examination of August 2010 showed that [Plaintiff's] lungs were clear to auscultation bilaterally with no rales, rhonchi, or wheezes, and no barrel chest or increased respiratory phase...."  (*Id.* (citation omitted)).  Plaintiff has offered nothing in her brief evidencing that she suffers from COPD to the extent it constitutes a severe impairment.  *See Salazar v. Comm'r Soc. Sec.*, 372 F. App'x 64, 66 (11th Cir. 2010) (the claimant bears the responsibility of demonstrating evidence in support of a showing of a severe impairment).  Having failed to produce any such evidence, this claim is without merit.

### 3.    Environmental Restrictions

Plaintiff next argues that the ALJ "inexplicably included environmental restrictions which had not previously been assessed limiting exposure to concentrated heat, dust, odors, fumes, gases and poor ventilation."  (Doc. 10 at 7).  However, that is all she argues.  There is no evidence showing these limitations were inappropriate, inadequate, or otherwise in error.  Absent more, Plaintiff is entitled to no relief.

---

[6]Plaintiff reports that she does not take anything for COPD.  (R. 336).

4.      **Rejection of Examining Practitioner's Opinions**

The thrust of Plaintiff's brief is that the ALJ improperly rejected various opinions

from examining practitioners in reaching the RFC decision.  (Doc. 10 at 8).  The rejected

evidence includes the information from Dr. Haney, Social Worker Jane L. Wesley, and

Dr. Kennedy.  (*Id*. at 8-9).  This resulted, according to Plaintiff, in the "omitting [of] some

mental impairments from consideration and merely reciting the non[-]examining State

Agency opinion," which "was not responsive to the AC's directives or based on the

evidence and opinion[s] of record."  (*Id*. at 9).

The ALJ determined that due to Plaintiff's limitations, she could only understand

and remember simple instructions but would have difficulty with detailed ones; she could

concentrate and attend to simple tasks for two hours at a time if she is given all customary

breaks and rests; she would benefit best from casual supervision; she would work best at

her own workstation apart from others; she could tolerate ordinary work pressures but

should avoid excessive workloads, quick decision-making, rapid changes and multiple

demands; and, she would be able to maintain a work pace consistent for the mental

demands of competitive level work.  (R. at 27-28).

In rejecting Plaintiff's allegations of sever and chronic pain requiring "limitation

of function to the degree that it would preclude the performance of all substantial gainful

activity," the ALJ stated that Plaintiff's "allegations are inconsistent with the substantial

medical evidence of record, including [Plaintiff's] daily living activities and the

13

documentation[] of some relief provided by treatment and medication." (R. 29). As noted, Plaintiff challenges the adequacy of the RFC limitations the ALJ imposed. Initially she complains the ALJ improperly rejected the opinions of Dr. Haney and her social worker, Jane Wesley. She states that Haney was qualified to assess her mental functioning in the workplace due to her pain and that Wesley's opinion should be given due weight. (Doc. 10 at 8). The Commissioner counters that the ALJ properly rejected the opinions and Plaintiff has failed to show that the decision was incorrect. (Doc. 13 at 9).

Dr. Haney was a consultative psychologist who opined that Plaintiff's "ability to function in most jobs appeared severely impaired due to physical and emotional limitations." (R. 30 (citation omitted)). The ALJ rejected this opinion stating that Haney, "who only examined [Plaintiff] once, is a psychologist with no qualifications to assess the claimant's physical limitations." (R. 30). Plaintiff complains that even if Haney is not qualified to comment on her physical limitations, he was still qualified to assess her mental functioning. (Doc. 10 at 8). She goes on to state that

> the fact that he addressed Plaintiff's mental functioning in the context of a pain disorder associated with both psychological factors and a general medical condition, finding her ability to function in most jobs severely impaired (R. 537) was exactly on point with respect to addressing the AC's concerns regarding a consideration of the effects of pain and mental impairments.

(*Id*.)

Guiding principles on this issue include the following:

14

.... "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis* [*v. Callahan*], 125 F.3d [1436,] 1440 [(11th Cir. 1997)]; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips* [*v. Barnett*], 357 F.3d [1232,] 1241 [(11th Cir. 2004)]. With good cause, an ALJ may disregard a treating physic ian's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id.* at 1240-41.

Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).

As to Haney, the ALJ reasonably rejected his opinion due to his limited interaction with Plaintiff and his lack of qualifications to assess her physical limitations. The ALJ also noted that "no physician ... opined that [Plaintiff] has limitations restricting her from

all work activity.  Her treating physician stated that he 'thinks' she has arthritis."  (R. 30).

The ALJ further credited the opinion of Dr. Kennedy, the consultative medical examiner,

finding that Plaintiff had neck pain "with only 'slightly decreased range of motion and

low back pain with decreased flexion of her lumbar spine.'"  (R. 30-31).  Premised on

this, the ALJ added the limitations in the RFC.  (R. 31).  Turning to the mental

limitations, the ALJ stated that "[a]lthough [Plaintiff] complains of depression, panic

attacks, crying spells and other mental dysfunction, the record is devoid of any mental

health treatment save the undated letter from the social worker who has been 'treating'

[Plaintiff] since September 2009."  (R. 31).  Additionally, the ALJ noted that the non-

examining state agency consultant, Dr. Guendalina Ravello, determined that Plaintiff's

mental limitations included moderate restriction of activities of daily living, moderate

difficulties in maintaining social functioning, moderate difficulties in maintaining

concentration, persistence or pace, and no episodes of extended periods of

decompensation.  (R. 27, 548).  She also noted that Plaintiff had moderate limitations in

understanding and remembering detailed instructions, in carrying out detailed instructions

and maintaining concentration, in sustaining an ordinary routine without supervision, in

coordinating and getting along with others without being distracting, in completing a

workweek without interruptions, in interacting with the public, in accepting instructions

and criticism, and in adjusting to workplace changes and setting realistic goals or

independently making plans.  (R. 552-53).  The ALJ recognized these limitations and

accounted for them in the RFC.  (R. 27).  Plaintiff has offered nothing to demonstrate that the ALJ's RFC was not premised on substantial evidence.

The evidence concerning Plaintiff's pain is mixed.  She is on medication and has received injections for an extended period.  At times she reports satisfaction with her pain control; while at other times, she reports dissatisfaction.  (See e.g. R. 443, 462, 400, 505, 567, 577, 586, 589, 595, 601, 610,[7] 620, 623, 635 and 643).  Under the circumstances, Plaintiff has not demonstrated error in the ALJ's decision.

As to Wesley, the court finds that while she is not a "medical source," she is like a nurse practitioner, physician's assistant, or therapist, and is to be considered an "other source" who may provide insight into the severity of impairments and how they affect an individual's function.[8]  *See* SSR 06-03p, 2006 WL 2329939 (S.S.A. 2006).  Under the applicable regulation, the ALJ "should explain the weight given to opinions from the[ ] 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  (*Id*. at *6).

In rejecting Wesley's opinion that Plaintiff lacked the "physical stamina" and the "emotional stability" to "maintain employment," the ALJ stated (1) the final responsibility

---

[7]In this instance, she reports not being satisfied.  Her pain level was 7/10. The record shows the reported pain levels for the preceding six weeks ranged from 3/10 to 10/10.  (R. 610).

[8]At one place in the record, Plaintiff purportedly stated that Wesley was a doctor.  (R. 336).  That is incorrect. (R. 528).

for determining a disability is with the ALJ, (2) "Wesley is not an 'acceptable medical source,'" (3) her letter regarding her "treatment" and opinion is undated, and (4) she provides no supporting documentation such as treatment records or testing.  (R. 30).  The ALJ considered and rejected Wesley's opinion.  Plaintiff has not shown anything in the record that warrants a determination that the ALJ did not follow the applicable legal standards or ignored relevant evidence.  She has not indicated what evidence or treatment records the ALJ failed to consider in support of her conclusory opinion.  To the contrary, the medical records demonstrate that the doctors noted her exercise (1-3 times a week) and encouraged the same.[9]  (R. 395, 444,[10] 577, 586, 589, 592, 595, 601, 611, 623, 630 and 635).  In sum, this court finds Plaintiff's conclusory challenge is not well-founded.

As a part of this claim, Plaintiff notes that Dr. Kennedy opined that she has the severe impairment of being around people and interacting with others.  (Doc. 10 at 9 (citing R. 534)).  As a consultative examiner, Dr. Kennedy stated in the "Impression" section of her report as follows:

> Psychological illness with no specific diagnosis accoring to the patient, however, she does display poor effort and motiviation today and a very depressed affect.  She has a note from her therapist[11] that states that she does not have the abiltiy to maintain employment.  This casuses her sever impairment of being around people and interacting.

---

[9]The court notes that Plaintiff reported "stiffness upon walking."  (R. 490).

[10]The treatment plan at this point (6-22-2009) provided that she "[m]ust begin to walk daily."  (R. 444).

[11]As best the court can tell, the "therapist" is Wesley.  (See R. 530).

(R. 534).  The foregoing is confusing at best.  Regardless, the statement is premised on Wesley's conclusion, which, as noted, is not premised on a medical opinion or other evidence in the record.  This simply is not enough for the court to find that the ALJ's decision is not supported by adequate evidence.

### 5.    AC Directives

In the concluding sentence of the discussion section of her brief, Plaintiff also asserts the ALJ's decision is "not wholly responsive to the AC's directives or based on the evidence and opinion[s] of record."  (Doc. 10 at 9).  This conclusory, unsupported assertion also is without merit.  The record demonstrates that the ALJ considered Plaintiff's physical and mental impairments and resulting limitations, her subjective complaints, and the evidence from the vocational expert on the effects of her limitations on her ability to work.  (R. 25-31, 55-60).  This court is not to "decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]"  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (internal quotation and citation omitted)).  This aspect of the challenge is due to be denied as being without merit.

## CONCLUSION

For the reasons set forth above, the undersigned fins that the decision of the Commissioner is due to be **AFFIRMED**.[12]  An appropriate order will be entered separately.

**DONE**, this the 24th day of July, 2014.

_____

**JOHN E. OTT**
Chief United States Magistrate Judge

---

[12]As noted in the procedural history, Plaintiff subsequently was awarded benefits.  However, the court must review the ALJ's decision in this matter premised upon the record before it, not the subseqent determination awarding benefits.